UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REDDICK, | No. 2:25-cv-1905 CSK P |
| Plaintiff, | |
| v. | ORDER |
| GUADALUPE ALVAREZ, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed with his potentially cognizable Eighth Amendment claim against defendant Guadalupe Alvarez, or plaintiff may elect to amend his complaint as discussed below.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

Although plaintiff attaches the court's complaint form, initially identifying three claims for relief (ECF No. 1 at 3, 6, 10), he appends a separate complaint which alleges only one claim for relief – deliberate indifference to safety and health under the Eighth Amendment.  (ECF No. 1 at 12-15.)  Because there are no specific facts set forth in Claims I, II, and III of the complaint form, the Court considers plaintiff's complaint as solely pursuing the Eighth Amendment claim

3

raised in the attached complaint.[1]

Plaintiff alleges the following. On July 20, 2024, while draining boiling water from an industrial kitchen kettle, the attached valve suddenly malfunctioned and burst off, causing a surge of scalding water to spray over plaintiff's legs and ankles. (ECF No. 1 at 13.) The valves have been in disrepair for a prolonged time, and inmates were required to wrap plastic and string around the valves to keep them in place to prevent leaking, creating an ongoing dangerous condition. (Id.) Defendant Guadalupe Alvarez, Dining Manager 2 at Solano State Prison, knowingly disregarded this excessive risk to plaintiff's health and safety, and was deliberately indifferent to plaintiff's health and safety by exposing plaintiff to such hazardous equipment and failing to take corrective action by repairing or replacing the hazardous equipment. (Id. at 13, 14.) As a result, plaintiff suffered second degree burns, extreme pain, and subsequent infection. (Id.) Plaintiff seeks money damages.

Plaintiff names J. Delucchi, Correctional Supervisor at Solano State Prison, as a defendant. J. Delucchi was supervising plaintiff on July 20, 2024, and witnessed the injury. (ECF No. 1 at 12, 13.) Plaintiff alleges defendant J. Delucchi refused to write or produce a report concerning the incident in violation of "CDCR policy and common standards of care," "potentially to avoid scrutiny or liability," and "obstructed accountability." (Id. at 13-14.)

In addition, plaintiff names as defendants John/Jane Does 1 – 5, and claims he will seek to amend his complaint once their identities are discovered. (Id. at 12.)

IV.  EIGHTH AMENDMENT STANDARDS

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The cruel and unusual punishment prohibition applies to all conditions within a prison, including work programs, medical care, housing facilities, and security measures. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 344-47 (1981). To state a cognizable civil rights claim, the

---

[1] To the extent plaintiff was attempting to have exhibits serve as supporting facts for Claims I, II and III, such effort is improper. The Court and defendants are not required to review exhibits and attempt to discern possible allegations therefrom. Rather, plaintiff must set forth specific facts he contends support the alleged constitutional violations.

4

prison officials' conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock"). In the context of working conditions, the Eighth Amendment is implicated only when a prison employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." Morgan, 465 F.3d at 1045 (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)). Prison officials are liable only if they were deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837 ("the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference"); see Wilson, 501 U.S. at 298-99, 302-03 (the official must actually know of the risk yet fail to take reasonable measures to ensure the prisoner's safety).

V.   DISCUSSION

Plaintiff's allegations state a potentially cognizable Eighth Amendment claim against defendant Guadalupe Alvarez. However, plaintiff fails to state a cognizable civil rights claim against defendant J. Delucchi. Allegations that a defendant violated a prison policy fails to give rise to a federal civil rights claim. See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (the failure to follow prison regulations or policies is not a federal constitutional violation.); Case v. Kitsap Cnty. Sheriff's Dep't, 249 F.3d 921, 929 (9th Cir. 2001) ("[O]ur focus is on whether a reasonable officer would have known that the [defendants'] conduct violated Case's federal statutory or constitutional rights rather than merely a state law or policy provision.").

VI.  PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Guadalupe Alvarez and pursue his potentially cognizable Eighth Amendment claim against only her, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against defendant J. Delucchi. If plaintiff

5

elects to proceed forthwith against defendant Guadalupe Alvarez, against whom he stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the claims against defendant J. Delucchi without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendant J. Delucchi. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant J. Delucchi, plaintiff has thirty days to amend. Plaintiff is not granted leave to add additional claims or defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

VII.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant J. Delucchi is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant J. Delucchi. Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendant Guadalupe Alvarez. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing defendant J. Delucchi without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/redd1905.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REDDICK,<br><br>             Plaintiff,<br><br>     v.<br><br>GUADALUPE ALVAREZ, et al.,<br><br>             Defendants. | No. 2:25-cv-1905 CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his Eighth Amendment claims against defendant Guadalupe Alvarez.  Under this option, plaintiff consents to dismissal of defendant J. Delucchi without prejudice.

**OR**

\_\_\_\_\_     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                              Plaintiff

1