UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REDDICK, | No. 2:25-cv-1905 CSK P |
| Plaintiff, | |
| v. | ORDER |
| J. DELUCCHI, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Since plaintiff filed his first amended complaint on August 6, 2025, plaintiff filed two motions to amend, which are now before the Court. As discussed below, plaintiff's first motion to amend is granted, and his second motion to amend is denied without prejudice. (ECF Nos. 14, 16.)

I.  GOVERNING STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts must apply this policy "with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). The court has discretion to grant or deny a request to amend but must provide justification when it denies a request. See Foman v. Davis, 371 U.S. 178, 182 (1962). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue

1

prejudice to the opposing party.'" Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A.

## II. BACKGROUND

Plaintiff's original complaint named as defendants Guadalupe Alvarez, Dining Manager 2, and J. Delucchi, Correctional Supervisor, both employed at Solano State Prison, as well as five John/Jane Doe defendants. (ECF No. 1.) On July 15, 2025, the Court screened plaintiff's complaint and found that plaintiff stated a cognizable claim against defendant Alvarez, but failed to state a cognizable claim against defendant J. Delucchi. Plaintiff was granted leave to proceed with his claim against defendant Guadalupe Alvarez, or he could elect to amend his complaint in an attempt to state a cognizable claim against defendant J. Delucchi. (ECF No. 5.) On August 6, 2025, plaintiff filed a first amended complaint and named J. Delucchi as the sole defendant. (ECF No. 9.)

On September 8, 2025, plaintiff filed a first motion to amend along with his proposed second amended complaint. (ECF No. 14, 15.) Plaintiff claimed defendant Guadalupe Alvarez was "left out in [his] first amended complaint." (ECF No. 14 at 1.)

On September 19, 2025, plaintiff filed a second motion to amend, but did not include a proposed third amended complaint. (ECF No. 16.) In this motion, plaintiff seeks to add Ms. Alvarez, who the Court already found to be a viable defendant, but also claims he intended to sue Solano State Prison and the Warden. (Id. at 1.) Plaintiff included no facts in support.

In the meantime, service was executed on defendant J. Delucchi, who filed a waiver of service on November 6, 2025. (ECF No. 19.)

## III. DISCUSSION

Normally, the Court would find that plaintiff's motion to file a third amended complaint rendered moot his motion to file a second amended complaint. However, plaintiff failed to

provide a proposed third amended complaint with his second motion to amend, and therefore his second motion to amend is incomplete because the Court is unable to review the proposed third amended complaint as required under 28 U.S.C. § 1915A.

Further, plaintiff's second motion to amend proposes to include improper defendants. Plaintiff cannot state a cognizable claim against proposed new defendant Solano State Prison. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Therefore, potential claims against Solano State Prison based on the allegations in plaintiff's first and second amended complaints are legally frivolous, and it would be futile to allow plaintiff to amend to include the prison. As for the warden, none of the pleadings provided by plaintiff to date demonstrate that the warden was personally involved in the incident that caused plaintiff's injuries. As plaintiff was informed in the Court's first screening order, there is no respondeat superior liability under section 1983.

> To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

(ECF No. 5 at 3.)

Importantly, in his first motion to amend, plaintiff seeks to amend to include a defendant against whom the Court already found plaintiff stated a cognizable claim.

3

For all these reasons, the Court exercises its discretion and denies, without prejudice, plaintiff's second motion to amend, and grants plaintiff's first motion to amend to name Guadalupe Alvarez as a defendant. This action will proceed on plaintiff's second amended complaint filed on September 8, 2025, against defendants J. Delucchi and Guadalupe Alvarez.

By separate order, the Court will direct service on defendant Guadalupe Alvarez. In the meantime, J. Delucchi's obligation to file a responsive pleading (ECF No. 19) is stayed pending service on defendant Guadalupe Alvarez.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion to amend (ECF No. 16) is denied without prejudice.
2. Plaintiff's first motion to amend (ECF No. 14) is granted. This action now proceeds on plaintiff's second amended complaint (ECF No. 15) against defendants J. Delucchi and Guadalupe Alvarez.
3. Defendant J. Delucchi's obligation to file a responsive pleading is stayed pending service on defendant Guadalupe Alvarez.

Dated: November 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/redd1905.mta2